UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GIPSON, et al.,<br><br>　　　　　Defendants. | **CASE NO. 1:14-cv-0275-LJO-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

His complaint is before the Court for screening.

**I.　　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff complains of acts that occurred during his incarceration at Corcoran State Prison ("CSP"). Plaintiff names as Defendants (1) Gipson, (2) T. Drew, (3) CSP Superintendent, (4) Lt. Peña, (5) Hall, (6) T. King, and (7) Aceves.

Plaintiff alleges that Defendants "conspired and acted on a plan to torture [Plaintiff] out of discrimination, by utilizing electroconvulsive therapy illegally." Plaintiff also alleges that he is unlawfully confined and suffers "psychological trauma." Finally, Plaintiff alleges that his Privacy Act rights and copyrights have been violated by Defendants' broadcasting Plaintiff's artwork, song lyrics, social security and "other personal material" at CSP. Plaintiff asserts that these actions constitute cruel and unusual punishment and violations of the Fourth and Eighth Amendments.

Plaintiff seeks "full copyrights, patent rights, and trademark rights, of all [his] creations, and a reassemblance of [his] birth rights forms."

### IV. ANALYSIS

#### A. No Cognizable Claim Stated

The Complaint does not include any discernable description of an alleged violation of any of Plaintiff's constitutional rights. It does not advise the Court of the claims Plaintiff intends to plead or the bases for them. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's Complaint fails to state any cognizable claim.

The Court will provide Plaintiff an opportunity to amend. If Plaintiff chooses to amend, he must include all relevant factual allegations in one document; references to

facts alleged in preceding filings will be disregarded. The following sections of this Order provide legal standards applicable to named Defendants and what the Court believes may be Plaintiff's intended claims.

### B.  Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged how each defendant personally participated in the deprivation of his rights. Plaintiff should note that if he chooses to file an amended complaint he must link each named defendant to his claims.

### C.  Excessive Force

The Cruel and Unusual Punishment Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 36 (2010); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton

4

infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6–7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley v. Albers, 475 U.S. 312, 321 (1986).

If failure to protect is alleged, the defendant must have had a reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005) (citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 at n.3 (1st Cir. 1991)).

Plaintiff does not provide sufficient facts to enable the Court to analyze his claim under the Whitley factors. If Plaintiff chooses to amend, he must allege facts showing

5

that a named Defendant applied force other than in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm, or failed to intervene in such application of force notwithstanding reasonable opportunity to do so.

**D.     Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

"In the prison context, however, even fundamental rights such as the right to equal protection are judged by a standard of reasonableness -- specifically whether the actions of prison officials are reasonably related to legitimate penological interests." Walker v. Gomez, 370 F.3d 969, 974 (9th Cir.2004) (citing Turner v. Safley, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.")).

Plaintiff's allegations are not sufficient to support a constitutional claim for discrimination. Plaintiff does not state how or why he believes he was discriminated against. He does not allege membership in a suspect class or that he was treated

6

differently from similarly situated inmates and that Defendants acted without a penological purpose. Nor does he explain what personal character traits he believes motivated the discrimination and why. See Washington v. Davis, 426 U.S. 229, 239-40 (1976) (to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent). Plaintiff's conclusory allegation that Defendants acted "out of discrimination" is unenlightening in these regards.

Plaintiff's allegations do not show denial of equal protection.

**E.    Privacy**

The Unites States Supreme Court has held that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." Hudson v. Palmer, 468 U.S. 517, 527 (1984). Thus, "the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." Id. at 530. Likewise, a prisoner does not have a right to be free from the seizure of his personal property. Id. at 528 n.8.

Because Plaintiff does not have a legitimate Fourth Amendment privacy interest during his incarceration, he cannot claim a Fourth Amendment violation based on an unreasonable search or the seizure of his artwork, song lyrics, social security, and other "personal material."

**F.    Property Deprivation**

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, while an authorized, intentional deprivation of property is actionable under the Due

7

Process Clause, <u>Hudson v. Palmer</u>, 468 U.S. 517, 532, n. 13 (1984) (citing <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 435–36 (1982),[1] neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." <u>Hudson</u>, 468 U.S. at 533.

Plaintiff's Complaint does not specify whether the alleged deprivation of property was authorized. To the extent Plaintiff alleges an unauthorized, intentional property deprivation, he has an adequate post-deprivation remedy under California law and therefore, his attempt to pursue a claim under federal law for the loss of his property fails as a matter of law. <u>Barnett v. Centoni</u>, 31 F.3d 813, 816–17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810– 895).

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. <u>Iqbal</u>, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 678 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

---

[1] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir.1987).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed February 28, 2014;

2.  Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.  Plaintiff shall file an amended complaint within thirty (30) days; and

      4.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   June 20, 2014          /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE